## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| CODY BADDER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PRIMO WATER CORPORATION, BILLY D. PRIM, EMMA S. BATTLE, RICHARD A. BRENNER, SUSAN E. CATES, JACK C. KILGORE, MALCOLM MCQUILKIN, CHARLES A. NORRIS, DAVID L. WARNOCK, COTT HOLDINGS INC., FORE ACQUISITION CORPORATION, FORE MERGER LLC, and COTT CORPORATION,<br><br>Defendants. | Civil Action No. _____<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE SECURITIES EXCHANGE ACT OF 1934**<br><br>**JURY TRIAL DEMAND** |

Plaintiff Cody Badder ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following upon information and belief, including investigation of counsel and review of publicly-available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

## NATURE OF THE ACTION

1.      Plaintiff brings this class action on behalf of the public stockholders of Primo Water Corporation ("Primo Water" or the "Company") against Primo Water's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(e) and 20(a) of the Securities Exchange Act of 1934, 15.U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14d-9, 17 C.F.R. 240.14d-9, arising out of the Board's attempt to sell the Company to Cott Corporation through its wholly-owned subsidiary Cott Holdings Inc., Cott Holdings Inc.'s wholly-owned subsidiary Fore Merger LLC, and its wholly-owned subsidiary, Fore Acquisition Corporation (collectively, "Cott," and together with Primo Water and the Individual Defendants, "Defendants").

1

2.     Defendants have violated the above-referenced sections of the Exchange Act by causing a materially incomplete and misleading solicitation statement (the "14D-9") to be filed with the United States Securities and Exchange Commission ("SEC") on January 29, 2020. The 14D-9 recommends that Primo Water stockholders tender their shares in favor of a proposed transaction (the "Proposed Transaction") whereby Primo Water is acquired by Cott. The Proposed Transaction was first disclosed on January 13, 2020, when Primo Water and Cott announced that they had entered into a definitive merger agreement (the "Merger Agreement") pursuant to which Cott will acquire all of the outstanding shares of common stock of Primo Water for: (i) $14.00 per share in cash; (ii) 1.0229 shares of Cott stock; or (iii) $5.04 in cash and 0.6549 shares of Cott stock for each share of Primo Water (the "Merger Consideration"). The deal is valued at approximately $775 million and is expected to close in March 2020.

3.     The 14D-9 is materially incomplete and contains misleading representations and information in violation of Sections 14(e) and 20(a) of the Exchange Act. Specifically, the 14D-9 contains materially incomplete and misleading information concerning the sales process, financial projections prepared by Primo Water management, and the financial analyses conducted by Goldman Sachs & Co. LLC ("Goldman Sachs"), Primo Water's financial advisor.

4.     For these reasons, and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction, including filing any amendment to the 14D-9, unless and until the material information discussed below is included in any such amendment or otherwise disseminated to Primo Water's stockholders. In the event the Proposed Transaction is consummated without the material omissions referenced below being remedied, Plaintiff seeks to recover damages resulting from the Defendants' violations.

## PARTIES

5.      Plaintiff is, and has been at all relevant times, the owner of shares of common stock of Primo Water.

6.      Defendant Primo Water is a corporation organized and existing under the laws of the State of Delaware. The Company's principal executive offices are located at 101 North Cherry Street, Suite 501, Winston-Salem, North Carolina 27101. Primo Water common stock trades on NASDAQ under the ticker symbol "PRMW."

7.      Defendant Billy D. Prim ("Prim") has been interim President and CEO of the Company since November 1, 2019 and a director of the Company since 2004.

8.      Defendant Emma S. Battle ("Battle") has been a director of the Company since 2019.

9.      Defendant Richard A. Brenner ("Brenner") has been a director of the Company since 2005.

10.     Defendant Susan E. Cates ("Cates") has been a director of the Company since 2014.

11.     Defendant Jack C. Kilgore ("Kilgore") has been a director of the Company since 2011.

12.     Defendant Malcolm McQuilkin ("McQuilkin") has been a director of the Company since 2005.

13.     Defendant Charles A. Norris ("Norris") has been a director of the Company since 2016.

14.     Defendant David L. Warnock ("Warnock") has been a director of the Company since 2005.

15.     Defendants Prim, Battle, Brenner, Cates, Kilgore, McQuilkin, Norris and Warnock are collectively referred to herein as the "Board."

16.     Defendant Cott Corporation is a corporation organized and existing under the laws of Canada. Cott Corporation's principal executive offices are located at 1200 Britannia Road, East Mississauga, Ontario, Canada L4W 4T5 and Corporate Center III, 4221 W. Boy Scout Blvd., Suite 400, Tampa, Florida 33607. Cott Corporation's common stock trades on NYSE under the ticker symbol "COT."

17.     Defendant Cott Holdings Inc. is a Delaware corporation and a wholly-owned subsidiary of Cott Corporation.

18.     Defendant Fore Merger LLC is a Delaware limited liability company and is a wholly-owned subsidiary of Cott Holdings Inc.

19.     Defendant Fore Acquisition Corporation is a Delaware corporation and a wholly-owned subsidiary of Fore Merger LLC.

## JURISDICTION AND VENUE

20.     This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Sections 14(e) and 20(a) of the Exchange Act.

21.     Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

22.     Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because: (i) a significant amount of the conduct at issue took place and had an effect in this District; and (ii) Primo Water is incorporated in this District.

## CLASS ACTION ALLEGATIONS

23.     Plaintiff brings this action on his own behalf and as a class action on behalf of all owners of Primo Water common stock and their successors in interest and/or their transferees, except Defendants and any person, firm, trust, corporation or other entity related to or affiliated with the Defendants (the "Class").

24.     This action is properly maintainable as a class action for the following reasons:

(a)     The Class is so numerous that joinder of all members is impracticable. As of January 9, 2020, Primo Water had approximately 39.4 million shares outstanding.

(b)     Questions of law and fact are common to the Class, including, inter alia, the following:

(i)     Whether Defendants have violated Section 14(e) of the Exchange Act;

(ii)    Whether the Individual Defendants have violated Section 20(a) of the Exchange Act;

(iii)   Whether Plaintiff and other members of the Class would suffer irreparable injury were Defendants to file an amendment to the 14D-9 with the SEC that does not contain the material information referenced above and the Proposed Transaction is consummated as presently anticipated;

      (iv)    Whether Plaintiff and the other members of the Class would be irreparably harmed were the transaction complained of herein consummated; and

      (v)    Whether the Class is entitled to injunctive relief or damages as a result of Individual Defendants' wrongful conduct.

      (c)    Plaintiff is committed to prosecuting this action, is an adequate representative of the Class, and has retained competent counsel experienced in litigation of this nature.

      (d)    Plaintiff's claims are typical of those of the other members of the Class.

      (e)    Plaintiff has no interests that are adverse to the Class.

      (f)    The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications for individual members of the Class and of establishing incompatible standards of conduct for the party opposing the Class.

      (g)    Conflicting adjudications for individual members of the Class might as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

      (h)    Plaintiff anticipates that there will be no difficulty in the management of this litigation. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## SUBSTANTIVE ALLEGATIONS

### A. Background of Company and the Proposed Transaction

25.    Primo Water provides multi-gallon purified bottled water, self-service drinking water and water dispensers. The Company's products are sold in more than 45,000 retail locations including Walmart, The Home Depot, Food Lion and CVS. In 2017 the Company had $286 million

in net sales, which increased to $302.1 million in 2018.

26.     Despite its success, the Company entered into the Merger Agreement with Cott on January 13, 2020.

27.     According to the press release issued on January 13, 2020 announcing the Proposed Transaction:

### COTT ANNOUNCES THE ACQUISITION OF PRIMO WATER CORPORATION AND CONTINUES ITS TRANSITION INTO A PURE-PLAY WATER SOLUTIONS PROVIDER

*Cott to Rebrand its Corporate Name to Primo Water Corporation Following the Acquisition*

**TORONTO, ON and TAMPA, FL and WINSTON-SALEM, NC – January 13, 2020 –** Cott Corporation (NYSE:COT; TSX:BCB) (the "Company" or "Cott"), today announced that it has entered into a definitive agreement pursuant to which Cott will acquire Primo Water Corporation (Nasdaq:PRMW) ("Primo") for $14.00 per share payable in cash and stock (or a combination thereof) at the election of Primo's stockholders, subject to the terms of the merger agreement. The transaction, which values Primo at approximately $775 million, was unanimously approved by both the Cott and Primo Boards of Directors. Primo is a leading provider of water dispensers, purified bottled water, and self-service refill drinking water in the U.S. and Canada.

The combination of Cott and Primo, along with the recent announcement of Cott's evaluation of certain strategic alternatives for its S&D Coffee and Tea ("S&D") business, including a sale of S&D, will transition Cott into a pure-play water company.

"I am excited, as the acquisition of Primo and planned sale of S&D will result in a pure-play water company that increases top-line growth and margins and drives long-term value creation for our shareholders. As we turn to our new business model, we are taking the opportunity to rebrand our company as Primo Water Corporation to reflect the leading position we have in the growing and attractive water market with the opportunity to be revalued in line with our water peers," commented Tom Harrington, Cott's Chief Executive Officer. "As Primo and Cott have been strategic partners for six years, we expect a smooth transition and integration."

Billy D. Prim, Primo's interim CEO and Executive Chairman, commented, "This combination of two highly recognized water companies creates compelling value for all stakeholders, including our customers, employees, shareholders and

suppliers. The newly created company will have approximately $2.0 billion in combined water sales and a presence in 21 countries worldwide. We are excited about the opportunity to provide sustainable hydration solutions to more people than either company could have done alone."

**COMPELLING STRATEGIC AND FINANCIAL RATIONALE**

The acquisition of Primo and Cott's continued transition into a pure-play water solutions provider is expected to:

- Provide a singular water-focused company, positioned to succeed in higher growth and higher margin water categories as a rebranded entity with the opportunity to be revalued in line with our water peers.

- Create a company with estimated Pro Forma Q3 2019 LTM Revenue and Adjusted EBITDA of the combined pure-play water business (Cott plus Primo less S&D) of approximately $2 billion and $324 million, respectively.

- Enhance topline growth and adjusted EBITDA margin.

- Expand channel diversification and consumer reach with the ability to offer Primo's products and services across Cott's 21-country footprint as well as increase route density and geographic footprint in refill/filtration.

- Strengthen the Company through continued product and service innovation, marketing partnerships, and accretive tuck-in acquisitions all built on a sustainable long-term growth platform.

- Provide cost synergies of approximately $35 million over a three-year period resulting in a post synergy multiple of 8.4x 2020E adjusted EBITDA.

"The acquisition of Primo meets all of our quantitative and qualitative acquisition criteria, and we expect will increase revenue growth and EBITDA margins, be accretive to earnings per share and deliver a cash on cash IRR above our cost of capital," commented Mr. Harrington.

**TRANSACTION DETAILS**

Under the terms of the merger agreement, a wholly-owned subsidiary of Cott will promptly commence an exchange offer to acquire all of the outstanding shares of Primo's common stock, and each share of Primo common stock will be exchanged for $5.04 in cash and 0.6549 common shares of Cott, or, at the election of Primo's stockholders, for $14.00 in cash or 1.0229 common shares of Cott, subject to the proration procedures set forth in the merger agreement.

The consummation of the exchange offer is subject to various conditions, including a minimum tender of a majority of outstanding shares of Primo common stock and other customary conditions. Following consummation of the exchange offer, that subsidiary will merge with and into Primo and Primo will become a wholly-owned subsidiary of Cott. Any eligible shares not validly tendered will be cancelled and converted into the right to receive the same price per share offered in the exchange offer. Upon completion of the acquisition, Primo shares will cease to be traded on Nasdaq.

Cott will pay a total of approximately $216 million in cash to Primo stockholders, funded with the proceeds of a new term debt issuance or proceeds from the sale of S&D Coffee and Tea, and issue approximately 26.8 million new shares to Primo stockholders. Cott has obtained financing commitments of up to $400 million from an affiliate of Deutsche Bank Securities Inc. to support the payment of the acquisition price and the refinancing of Primo's debt.

In connection with the execution of the merger agreement, Primo directors and officers who are beneficial owners of 10.4% of Primo equity have entered into support agreements with Cott pursuant to which they have agreed to tender their common stock in the exchange offer and elect to receive the stock consideration in respect of their common stock.

Pursuant to the terms of the merger agreement, Billy D. Prim and Susan E. Cates, current members of Primo's board of directors, will join Cott's board following the closing.

The transaction is expected to close in March 2020, subject to the conditions to the exchange offer and other customary closing conditions.

**B. The Materially Incomplete and Misleading 14D-9**

28.    The Individual Defendants must disclose all material information regarding the Proposed Transaction to Primo Water stockholders so that they can make a fully informed decision whether to tender their shares in favor of the Proposed Transaction.

29.    On January 29, 2020, Defendants filed the 14D-9 with the SEC. The purpose of the 14D-9 is, *inter alia*, to provide the Company's stockholders with all material information necessary for them to make an informed decision on whether to tender their shares in favor of the Proposed Transaction. However, significant and material facts were not provided to Plaintiff and the Class. Without such information, Primo Water stockholders cannot make a fully informed decision

concerning whether or not to tender their shares in favor of the Proposed Transaction.

***Materially Misleading Statements/Omissions Regarding the Management-Prepared Financial Forecasts***

30.     The 14D-9 discloses management-prepared financial projections for the Company which are materially misleading. The 14D-9 indicates that in connection with the rendering of Goldman Sachs' fairness opinion, Goldman Sachs reviewed "certain internal financial analyses and forecasts for Primo prepared by its management . . . and for Cott standalone prepared by Cott's management, and certain financial analyses and forecasts for Cott pro forma for the transactions prepared by the managements of Primo and Cott." Goldman Sachs also reviewed "certain operating synergies projected by the managements of Primo and Cott to result from the transactions" and "certain internal analyses and estimates of Primo's expected utilization of net operating loss carryforwards." Accordingly, the 14D-9 should have, but failed to, provide certain information in the projections that Primo Water's management provided to the Board and Goldman Sachs.

31.     Notably, with respect to Primo Water's projections, Defendants failed to disclose the line items used to calculate EBITDA, Adjusted EBITDA, EBIT, Free Cash Flow and Unlevered Free Cash Flow. The 14D-9 also fails to disclose the line items used to calculate Adjusted EBITDA for the Cott standalone projections and the Cott pro forma projections. Furthermore, the 14D-9 fails to disclose the projected synergies used by Goldman Sachs in its analyses. This omitted information is necessary for Primo Water stockholders to make an informed decision on whether to tender their shares in favor of the Proposed Transaction.

***Materially Incomplete and Misleading Disclosures Concerning Goldman Sachs' Financial Analyses***

32.     With respect to the *Illustrative Discounted Cash Flow Analysis,* the 14D-9 fails to disclose the individual inputs and assumptions underlying the discount rate range of 5.50% to

6.50% and the perpetuity growth rate range of 1.00% to 1.50%. The 14D-9 also fails to disclose the line items used to calculate unlevered free cash flow, the terminal values for Primo Water and the Company's net outstanding debt. Finally, the 14D-9 fails to disclose the number of Primo Water's fully diluted outstanding shares.

33.     With respect to the *Illustrative Present Value of Future Share Price Analysis*, the 14D-9 fails to disclose the basis for applying a range of 10.5x to 12.5x EV to NTM Adjusted EBITDA multiples to estimates of Adjusted EBITDA. The 14D-9 further fails to disclose the individual inputs and assumptions underlying the discount rate of 6.3%. Finally, the 14D-9 fails to disclose Primo Water's net outstanding debt and the number of Primo Water's fully diluted outstanding shares.

34.     With respect to the *Premia Analysis,* the 14D-9 fails to disclose the transactions observed in the analysis and the premiums paid in the observed transactions.

35.     With respect to the *Illustrative Present Value of Future Stock Price Analysis for Shares of Primo Common Stock on a Pro Forma Basis*, the 14D-9 fails to disclose the basis for applying a range of 9.0x to 10.0x EV to NTM Adjusted EBITDA to estimates of Adjusted EBITDA for Cott. The 14D-9 also fails to disclose the synergies used in the analysis, as well as Cott's pro forma net outstanding debt. In addition, the 14D-9 fails to disclose the individual inputs and assumptions underlying the discount rate of 5.7%. The 14D-9 further fails to disclose the estimated dividends to be paid per share of Cott common stock on a pro forma basis, as well as the number of fully diluted Cott shares estimated to be outstanding on a pro forma basis.

### *Materially Incomplete and Misleading Disclosures Concerning the Flawed Process*

36.     The 14D-9 also fails to disclose material information concerning the sales process. For example, the 14D-9 notes that Primo Water entered into a confidentiality agreement with Cott

that lasted for 18 months, that included a standstill provision with a "fall away" provision, and no prohibitions on seeking a waiver of the standstill provision. The confidentiality agreements Primo Water entered into with Company A and Company B differed from the confidentiality agreement with Cott. The 14D-9 fails to disclose the basis for prohibiting Company A from seeking a waiver of the standstill provision, or having only a 12 month agreement with Company B. In addition, the 14D-9 fails to state whether the confidentiality agreements with Company A and/or Company B are still in effect and whether they presently preclude the parties from making a topping bid for the Company.

37.     In early September 2019, Cott informed Primo Water of its interest in acquiring the Company. The 14D-9 does not disclose when this discussion took place in September 2019. This is important because on September 17, 2019, Legion Partners Asset Management, LLC ("Legion Partners") publicly reported that it believed Primo Water needed a change in the Board's composition. The stockholders must know if the Board steered the sales process towards Cott to prevent a proxy fight with Legion Partners.

38.     At numerous Board meetings, Goldman Sachs provided preliminary analyses or valuations. The 14D-9 fails to disclose those analyses or valuations, including: the preliminary financial metrics for Primo and Cott reviewed with the Board on May 1, 2019; the "high level" discussion of Cott's September 2019 proposal at the September 18, 2019 Board meeting; and the preliminary valuation considerations discussed at the October 29 and 30, 2019 Board meeting.

39.     The 14D-9 emphasizes how potential synergies that could result from a transaction was a crucial consideration in the sales process. The potential synergies that could result from a transaction with Cott was discussed at the Board meeting on May 1, 2019. Also, the 14D-9 reveals that in September and October 2019 Goldman Sachs only reached out to potential acquirers with

which a transaction could realize <u>significant synergies</u>.  At the October 30, 2019 Board meeting, the Board discussed how a financial buyer (such as private equity entities) could not make as attractive an offer as a strategic buyer because a financial buyer would not enjoy the valuable synergies that a strategic buyer would in a transaction. And Cott's offer of November 18, 2019 noted expected synergies that would be realized by the Proposed Transaction. Despite the key role that synergies played in the Board's recommendation, the 14D-9 fails to disclose the amount of expected synergies from the Proposed Transaction, or how the synergies will benefit Primo Water's stockholders after the Proposed Transaction closes. This information is necessary given that the financial advisor to the Board, Goldman Sachs, considered the expected synergies while conducting its financial analyses and giving its opinion to the Board that the transaction was fair to Company stockholders.

40.     Furthermore, the 14D-9 fails to disclose important details concerning potential conflicts of interest on the part of Goldman Sachs. For example, the 14D-9 notes that an affiliate of Goldman Sachs was a lender, arranger and agent under a $196 million senior credit facility held by Primo Water. Yet there are no details concerning the relationship between that affiliate and the investment banking team undertaking the fairness opinion. The 14D-9 states that the investment banking division of Goldman Sachs had not been engaged by Primo Water in the two years before rendering its fairness opinion, but it does not mention what fees Goldman Sachs' affiliate earned as a lender and agent under the Company's $196 million senior credit facility. Furthermore, Goldman Sachs states that its fee is "estimated, based on the information available as of the date of announcement" of the Proposed Transaction, to be $12 million. The 14D-9 does not disclose what elements of the fee structure cause the fee to just be estimated at this time, and whether the

agreement between Primo Water and Goldman Sachs could lead to the fee increasing by the time the Proposed Transaction closes.

41.     This information is necessary to provide Company stockholders a complete and accurate picture of the sales process and its fairness as well as whether or not the financial advisor was conflict free or if its objectivity was tainted. Without this information, stockholders were not fully informed as to the Defendants' actions, including those that may have been taken in bad faith, and cannot fairly assess the process. Without all material information, Primo Water stockholders are unable to make a fully informed decision in connection with the Proposed Transaction and face irreparable harm, warranting the injunctive relief sought herein.

42.     In addition, the Individual Defendants knew or recklessly disregarded that the 14D-9 omits the material information concerning the Proposed Transaction and contains the materially incomplete and misleading information discussed above.

43.     Specifically, the Individual Defendants undoubtedly reviewed the contents of the 14D-9 before it was filed with the SEC. Indeed, as directors of the Company, they were required to do so. The Individual Defendants thus knew or recklessly disregarded that the 14D-9 omits the material information referenced above and contains the incomplete and misleading information referenced above.

44.     Further, the 14D-9 indicates that on January 11, 2020, Goldman Sachs reviewed with the Board its financial analysis of the Merger Consideration and delivered to the Board an oral opinion, which was confirmed by delivery of a written opinion dated January 13, 2020, to the effect that the Merger Consideration was fair, from a financial point of view, to Primo Water stockholders. Accordingly, the Individual Defendants undoubtedly reviewed or were presented with the material information concerning Goldman Sachs's financial analyses which has been

omitted from the 14D-9, and thus knew or should have known that such information has been omitted.

45.     Plaintiff and the other members of the Class are immediately threatened by the wrongs complained of herein, and lack an adequate remedy at law. Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that the Company's stockholders will continue to suffer absent judicial intervention.

## CLAIMS FOR RELIEF

### COUNT I

**On Behalf of Plaintiff and the Class Against All Defendants for Violations of
Section 14(e) of the Exchange Act and Rule 14d-9**

46.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

47.     Defendants have filed the 14D-9 with the SEC with the intention of soliciting Primo Water stockholder support for the Proposed Transaction. Each of the Individual Defendants reviewed and authorized the dissemination of the 14D-9, which fails to provide the material information referenced above.

48.     In so doing, Defendants made materially incomplete and misleading statements and/or omitted material information necessary to make the statements made not misleading. Each of the Individual Defendants, by virtue of their roles as officers and/or directors of Primo Water, were aware of the omitted information but failed to disclose such information, in violation of Section 14(e).

49.     Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in light of the circumstances under which they are made, not

misleading. . . ." 15 U.S.C. § 78n(e).

50.     Specifically, and as detailed above, the 14D-9 violates Section 14(e) and Rule 14d-9 because it omits material facts concerning: (i) management's financial projections; (ii) the value of Primo Water shares and the financial analyses performed by Goldman Sachs in support of its fairness opinion; and (iii) the sales process.

51.     Moreover, in the exercise of reasonable care, the Individual Defendants knew or should have known that the 14D-9 is materially misleading and omits material information that is necessary to render it not misleading. The Individual Defendants undoubtedly reviewed and relied upon the omitted information identified above in connection with their decision to approve and recommend the Proposed Transaction; indeed, the 14D-9 states that Goldman Sachs reviewed and discussed its financial analyses with the Board during various meetings including on January 11, 2020, and further states that the Board relied upon Goldman Sachs's financial analyses and fairness opinion in connection with approving the Proposed Transaction. The Individual Defendants knew or should have known that the material information identified above has been omitted from the 14D-9, rendering the sections of the 14D-9 identified above to be materially incomplete and misleading.

52.     The misrepresentations and omissions in the 14D-9 are material to Plaintiff and the Class, who will be deprived of their right to make an informed decision whether to tender their shares if such misrepresentations and omissions are not corrected prior to the end of the tender offer. Plaintiff and the Class have no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff and the Class be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

**On Behalf of Plaintiff and the Class against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

53.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

54.     The Individual Defendants acted as controlling persons of Primo Water within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Primo Water and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the 14D-9 filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

55.     Each of the Individual Defendants was provided with or had unlimited access to copies of the 14D-9 and other statements alleged by Plaintiff to be misleading prior to the time the 14D-9 was filed with the SEC and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

56.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The 14D-9 at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the 14D-9.

57.     In addition, as the 14D-9 sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The 14D-9 purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

58.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

59.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e) and Rule 14d-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff and the Class will be irreparably harmed.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in his favor and in favor of the Class and against the Defendants jointly and severally, as follows:

A.     Declaring that this action is properly maintainable as a class action and certifying Plaintiff as class representative and his counsel as class counsel;

B.     Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from filing any amendment to the 14D-9 with the SEC unless and until Defendants agree to include the material information identified above in any such amendment;

C.     Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with,

consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the 14D-9;

D.      In the event that the transaction is consummated prior to the entry of this Court's final judgment, rescinding it or awarding Plaintiff and the Class rescissory damages;

E.      Directing the Defendants to account to Plaintiff and the Class for all damages suffered as a result of their wrongdoing;

F.      Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

G.      Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: February 7, 2020                                      **RIGRODSKY & LONG, P.A.**

By:  */s/ Gina M. Serra*
                                                                        Brian D. Long (#4347)
**OF COUNSEL:**                                          Gina M. Serra (#5387)
                                                                        300 Delaware Avenue, Suite 1220
**ROWLEY LAW PLLC**                            Wilmington, DE 19801
Shane T. Rowley                                           Telephone: (302) 295-5310
Danielle Rowland Lindahl                             Facsimile: (302) 654-7530
50 Main Street, Suite 1000                           Email: bdl@rl-legal.com
White Plains, NY 10606                               Email: gms@rl-legal.com
Telephone: (914) 400-1920
Facsimile: (914) 301-3514                           *Attorneys for Plaintiff*